## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                         Case No. 22-20090

v.

                         Hon. Denise Page Hood

ARNOL AROLDO ANDINO ANDINO,

        Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS INDICTMENT WITH PREJUDICE (ECF No. 35), GRANTING MOTION DISMISS INDICTMENT WITHOUT PREJUDICE (ECF No. 39) and DISMISSING INDICTMENT WITHOUT PREJUDICE

## I.     BACKGROUND

On February 7, 2022, a criminal complaint was filed against Defendant Arnol Aroldo Andino Andino.  (ECF No. 1) An Indictment was filed on February 17, 2022 charging Defendant with one count of Unlawful Re-Entry, 8 U.S.C. § 1326(a).  The Indictment alleges that Defendant is an alien who had previously been excluded, deported and removed from the United States on June 7, 2019.  Defendant was found within the District on January 21, 2022, without the express consent of the United States Attorney General, nor the Secretary of the Department of Homeland Security to reapply for admission to the United States.  (ECF No. 11)  Around May 27, 2022,

Defendant was removed to Honduras.

Both Defendant and the Government move to dismiss the Indictment. Defendant moves to dismiss with prejudice based on Speedy Trial grounds. Defendant further asserts that because this Court determined that Defendant was to be released under the Bail Reform Act ("BRA"), 18 U.S.C. § 3141, *et seq.*, the Executive Branch cannot dodge the Court's determination by taking Defendant into immigration custody pending trial pursuant to the Immigration and National Act of 1965 ("INA"), 8 U.S.C. § 1101 *et seq*. The Government moves to dismiss without prejudice because it is unable to bring Defendant to trial at this time due to his removal from the United States.

## II.   ANALYSIS

Defendant agrees with the Government's motion to dismiss, but that such dismissal should be with prejudice. He argues that the delay violate his constitutional rights under the Sixth and Fourteenth Amendments and his statutory rights under the Speedy Trial Act, 18 U.S.C. 3161, *et seq.* He further argues that the reason for the delay rests sole with the Government and that the delay was due to deliberate decision making and acts by the Government. Defendant claims he has suffered actual prejudice due to the indefinite delay.

The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the

accused shall enjoy the right to a speedy and public trial[.]" U.S. Const. amend. VI. The speedy-trial right is "amorphous," "slippery," and "necessarily relative," so any claimed violation must be evaluated on an "ad hoc basis." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The Supreme Court established four factors for courts to consider when evaluating a speedy-trial claim: (1) whether the delay was uncommonly long; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether prejudice to the defendant resulted. 407 U.S. at 530. "No one factor is dispositive. Rather, they are related factors that must be considered together with any other relevant circumstances." *United States v. Sutton*, 862 F.3d 547, 559 (6th Cir. 2017) (citing *Barke*r, 407 U.S. at 533).

The first factor is a "threshold" requirement. *Doggett v. United States*, 505 U.S. 647, 652 (1992). The rationale here is that judicial examination of a speedy trial claim is needed only where the delay crosses the line dividing the "ordinary" from the "presumptively prejudicial." *Id*. at 651–52. The Supreme Court has never clearly drawn that line, but has noted that "[d]epending on the nature of the charges, the lower courts have generally found postaccusation delay 'presumptively prejudicial'" once the delay "approaches one year." *Id*. at 652 n.1, 658. Although "presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria, it is part of the mix of relevant facts, and its importance increases with

the length of the delay." *Id*. at 656 (internal citation omitted).

The second *Barker* factor looks at "whether the government or the criminal defendant is more to blame for th[e] delay." *Id*. at 651. "Governmental delays motivated by bad faith, harassment, or attempts to seek a tactical advantage weigh heavily against the government, while neutral reasons such as negligence are weighted less heavily, and valid reasons for a delay weigh in favor of the government." *United States v. Robinson*, 455 F.3d 602, 607 (6th Cir. 2006) (citing *Barker*, 407 U.S. at 531). "[D]ifferent weights should be assigned to different reasons." *Barker*, 407 U.S. at 531.

The third factor relates to "the defendant's responsibility to assert his right," and its effect will depend on the other factors. *Id*. "The strength of his efforts will be affected by the length of the delay, to some extent by the reason for the delay, and most particularly by the personal prejudice, which is not always readily identifiable, that he experiences. The more serious the deprivation, the more likely a defendant is to complain." *Id*.

The fourth and final *Barker* factor is actual prejudice to the accused. "Prejudice 'should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect,' of which there are three: '(I) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.'" *United States v. Ferreira*, 665

F.3d 701, 706 (6th Cir. 2011) (quoting *Barke*r, 407 U.S. at 532); *Miles v. Jordan*, 988

F.3d 916, 925 (6th Cir. 2021).

Defendant was arraigned on the Indictment on February 22, 2022.  The case,

therefore has not approached the "one year" as some courts have noted above as a

presumptive prejudice case as set forth in the first factor of *Barker*.

As to the second *Barker* factor, who is to blame for the delay, Defendant has

not shown that any delays were motivated by bad faith, harassment, or attempts to

seek a tactical advantage.  However, there is a valid reason for the delay, in that there

was a pending order of removal on Defendant, based on his previous unauthorized

entry into the United States.  Although the decision to remove Defendant was made

by the Executive Branch, the same branch as the United States Attorney's Office in

this District, Defendant has not shown that the Executive Branch has to choose either

to pursue a criminal matter or proceed with removal proceedings.  In addressing the

Executive Branch's duties under the BRA and the INA, courts have stated,

> We therefore conclude, as the Third, Sixth, and D.C. Circuits have
> recently held, that the BRA does not preclude the government from
> exercising its independent detention authority under the INA. *See United
> States v. Soriano Nunez*, 928 F.3d 240, 247 (3d Cir. 2019) (holding that
> "there is no textual conflict between the BRA and the INA," and that
> "criminal and removal processes can proceed simultaneously");
> *Vasquez-Benitez*, 919 F.3d at 553 [*United States v. Vasquez-Benitez*, 919
> F.3d 546 (D.C. Cir. 2019)] ("Congress has never indicated that the BRA
> is intended to displace the *471 INA."); *United States v. Veloz-Alonso*,

910 F.3d 266, 269 (6th Cir. 2018) ("[N]othing in the BRA prevents other government agencies or state or local law enforcement from acting pursuant to their lawful duties.").

The district court below, joining several other district courts in our Circuit and around the country, held to the contrary that pretrial release under the BRA forecloses detention under the INA. *See, e.g., United States v. Boutin*, 269 F. Supp. 3d 24 (E.D.N.Y. 2017); *United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167 (D. Or. 2012); *United States v. Ventura*, No. 17-cr-418, 2017 WL 5129012 (E.D.N.Y. Nov. 3, 2017); *United States v. Galitsa*, No. 17-cr-324, 2017 U.S. Dist. LEXIS 185550 (S.D.N.Y. July 28, 2017). The district court reasoned that the government was required to choose whether it wished "to prosecute a defendant such as Mr. Lett or proceed with removal proceedings to deport him, one or the other." App'x at 83; *see also Trujillo-Alvarez*, 900 F. Supp. 2d at 1179 ("[T]he Executive Branch has a choice to make. It may take an alien into custody for the purpose of removing or deporting that individual or it may temporarily decline to do so while criminal proceedings are maintained against that person."); *Ventura*, 2017 WL 5129012, at *2 ("[T]he Executive branch should decide where its priorities lie: either with a prosecution in federal district court or with removal of the deportable alien.").

But neither the BRA nor the INA precludes the government from exercising its detention authority pursuant to the other statute. Nor can the courts order the Executive Branch to choose between criminal prosecution and removal. As the Sixth Circuit observed, "[r]eading the BRA's permissive use of release to supersede the INA's mandatory detention does not follow logically nor would doing so be congruent with our canons of statutory interpretation." *Veloz-Alonso*, 910 F.3d at 270. The BRA and the INA authorize the government to pursue both criminal prosecution and removal simultaneously, and there is no conflict between the detention-and-release provisions of the two statutes. The district court's bail release order under the BRA thus did not preclude the government from detaining Lett pursuant to the INA as an inadmissible alien subject to removal.

*United States v. Lett*, 944 F.3d 467, 470–71 (2d Cir. 2019). This factor weighs in favor of the Government in that the Executive Branch is authorized to pursue both criminal prosecution and removal simultaneously.

The third factor weighs in Defendant's favor in that he asserted his right to a speedy trial.

Regarding the fourth and final *Barker* factor–actual prejudice to the Defendant, he was removed to Honduras and so he is no longer subject to pretrial incarceration in this case.  It is noted that the Court did grant Defendant's Motion for Revocation of Detention Order, but ICE had a detainer on Defendant, which was exercised by ICE.  Since the case will be dismissed, any anxiety or concern by Defendant is minimized, although if the dismissal is without prejudice, he continues to be anxious since he faces prosecution on the instant case if he chooses to return to the United States.  Defendant has not shown that his defense will be limited because of any delay.

After weighing the factors set forth above, the Court finds that Defendant has not shown that he will be prejudiced if his trial is delayed because he has been removed from the United States.  In any event, the Government has moved to dismiss this case. If Defendant chooses to reenter the United States without proper authorization, Defendant will not only be faced with the current charge, if he is to be re-charged, he may also face a new charge on the new reentry.

7

III.    **CONCLUSION/ORDER**

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Dismiss Indictment with prejudice (ECF No. 35) is DENIED.

IT IS ORDERED that the Government's Motion to Dismiss Indictment without prejudice (ECF No. 39) is GRANTED.

IT IS FURTHER ORDERED that this criminal matter is DISMISSED *without prejudice* and designated CLOSED on the docket.


S/DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: October 26, 2023